## BAUM v. STATE.

No. A-11590. Dec. 19, 1951.

(239 P. 2d 446.)

Bruce B. Potter, Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.  D. G. Baum was convicted in the county court of Kay county of operating a motor vehicle while under the influence of intoxicating liquor. The jury left the punishment to be fixed by the court, who assessed the punishment at imprisonment in the county jail for thirty days, and a fine of $150.

Appellant's time for filing a brief expired August 6, 1951.  The case was set for oral argument for September 19, 1951, and on that day an order was entered submitting the case on the record.

We have read the entire record and find no error.  Where no brief is filed, and there is no error apparent on the face of the record, judgment of conviction will be affirmed.  Arnold v. State, 71 Okla. Cr. 166, 110 P. 2d 309.

The record discloses that the trial court granted defendant a continuance one time by reason of the absence of a witness who was alleged to have seen defendant about one hour prior to his arrest, and who would testify that the defendant at that time was not intoxicated.  The case was again set for trial, and a few minutes prior to the calling of the case, counsel for defendant again sought a continuance, but the court denied the motion.  We conclude from the record that the trial judge did not abuse his discretion.  Martin v. State, 92 Okla. Cr. 182, 222 P. 2d 534.

Two police officers testified that early on the morning of May 21, 1950, at about 6:00 a.m., they saw a brown colored DeSoto sedan travelling east on Blackwell Avenue, in Blackwell, at a high rate of speed, estimated at from 35 to 45 miles per hour, and weaving from one side of the street to the other.  The officers testified that they pursued the defendant, and some eight or nine blocks away succeeded in stopping him, after turning on their red light and sounding their siren.  The officers claimed that defendant narrowly missed colliding with cars parked at the curbing along the way.  They testified that they walked over to defendant's car and asked him to get out; that he smelled heavily of alcohol and stumbled and was unsteady on his feet; that he began to curse and created such a disturbance that they had to handcuff him; that they had to help him downstairs at the police station; and when he entered the cell he staggered and swayed around and then sat down on the cement floor, although he could have sat on a bunk. ·

The defendant testified and admitted that he had been out on a party the previous night and had not gone to bed or slept; that he had taken four or five drinks during the night; stated that he was on his way to work at a smelter but was first driving to his mother's home to pick up some laundry; admitted that he was probably speeding when the officers pursued him, but denied that he was intoxicated, stating that the streets had holes and bumps in

it and that he was dodging such places and claimed that at each street inter-section on Blackwell avenue there were gutters and he had to swing to the right to keep from hitting his bumper. Defendant claimed that when arrested officer Horstman hit him on the chin with his right fist and dazed him and knocked him to the ground and that was the reason he could not walk steadily. Defendant admitted that he had been convicted in Federal Court, Western District of Oklahoma, under the Dyer Act, but was paroled and stated that he had been in no other difficulties, had served in the Army during World War II, and had attended college two years under the G. I. Bill.

Defendant's mother testified in his behalf, as did his wife, whom he married after the charge in the within case had been filed. She had been defendant's companion at the V. F. W. dance in Tonkawa the night prior to the drunk driving charge. Witness stated that defendant took her home about 3:00 a.m., and that he was not intoxicated at that time.

The officers denied striking defendant.

As stated in Bisanar v. State, 93 Okla. Cr. 7, 223 P. 2d 795, 800:

"Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the same and determine the facts.

"The function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis, in the evidence, on which the jury can reasonably con-clude that the accused is guilty as charged."

See, also, Simonton v. State, 94 Okla. Cr. 274, 235 P. 2d 542.

The judgment is affirmed.

BRETT, P. J., and JONES, J., concur.